CHARLES J. LYNCH, d. b. a., *vs.* JOHN DOORDON, Executor of the Last Will and Testament of CATHARINE BURKE, deceased, p. b. r.

1. EXECUTORS AND ADMINISTRATORS—SALES UNDER ORDER OF COURT— STATUTES—TITLE AND RIGHTS OF PURCHASER—RENT.

Under *Rev. Code* 1852, *amended to* 1893, *p.* 690, *c.* 90. § 8., which provides that the purchaser of any real estate sold by an executor under order of the Orphans' Court shall take all the estate, title, and claim which the deceased had at the time of its death, the purchaser of land at an administration sale, after confirmation, acquires the right to the accruing rent from the day of sale; the right after confirmation relating back to that date.

2. EXECUTORS AND ADMINISTRATORS—SALE BY ORPHANS' COURT—PURCHASER'S TITLE AND RIGHTS—RENT—AGREED CONDITIONS OF SALE.

Plaintiff, an executor, made a lease of premises belonging to the estate, to end September 3, 1910, and the defendant entered and continued in occupancy until September 21, 1910. On August 17, 1910, under an order of sale from the Orphans' Court, the premises were sold, and on September 21, 1910, the sale was confirmed, and the deed ordered to be delivered to the purchaser, who had, by the stipulated conditions of sale, agreed that possession of the premises should be given upon the delivery of the deed after confirmation of the sale. *Held,* that the stipulated conditions of sale were tantamount to an express reservation by the plaintiff of the accruing rents to the time of the confirmation of the sale and the purchaser's possession, preventing the relation back of the purchaser's rights, after confirmation, to rents from the day of sale, and hence the plaintiff was entitled to rents to the day when the sale was confirmed.

(*December* 17, 1910.)

PENNEWILL, C. J., and BOYCE and HASTINGS, J. J., sitting.

*Harry Emmons* for appellant.

*J. Harvey Whiteman* for respondent.

Superior Court, New Castle County, November Term, 1910.

APPEAL FROM A JUDGMENT OF A JUSTICE OF THE PEACE (No. 67, November Term, 1910) in an Action of Debt for rent. Case Stated.

Boyce, J., delivering the opinion of the court:

This is an appeal from the judgment of a justice of the peace.

The case has been presented to this court upon an agreed statement of facts.

It is unnecessary to set forth more than the substance of the material parts of the statement agreed upon.

The plaintiff below, respondent, who was the executor of the last will and testament of Catharine Burke, deceased, leased certain premises in this city, late of the deceased, to the defendant below, appellant, for one year from the fourth day of September, A. D. 1909, to the third day of September, A. D. 1910, at an annual rental of $720, payable in monthly installments of $60, each and every month. The defendant and lessee entered into possession of the premises and continued therein until the twenty-first day of September, A. D. 1910. The plaintiff lessor, as executor of the deceased, subsequently applied to the Orphans' Court, in this county, for an order to sell the said premises for the payment of the debts of the deceased. The order of sale was obtained, and pursuant thereto, the said plaintiff advertised and sold said premises, on the seventeenth day of August, A. D. 1910, to Edward G. Cook. There was, among the several conditions of said sale, signed by the said plaintiff, as executor as aforesaid, and made known on the day of the sale and before it was made, the following:

"Possession of the premises shall be given at the time of the execution and delivery of the deed after the confirmation of the sale by the Orphans' Court."

The purchaser of said premises signed the following indorsement made thereunder:

"I, Edward G. Cook, do acknowledge that I have become the purchaser of the premises above mentioned, at the price of eleven thousand one hundred dollars, subject to the foregoing conditions of sale, with which I hereby agree to comply.

"[Signed]    Edward G. Cook."

The purchaser paid the percentage demanded on the day of the sale, and the balance of the purchase money on the twelfth day of September, A. D. 1910, it being the return day of said

sale, and the day on which the executor made return thereof to said Orphans' Court, which held the return under advisement until the twenty-first day of September, A. D. 1910, when the sale was approved and confirmed, and the said executor was ordered to execute and deliver a deed to the said purchaser for the premises so sold.

The defendant lessee paid the said rent to the said plaintiff lessor, and executor as aforesaid, in full to the third day of August, A. D. 1910, but he has not paid any rent since that time.

The justice rendered judgment in favor of the plaintiff below and against the defendant below for the sum of $96 and $2.22 costs.

The precise question in controversy to be determined by this court, is the amount of rent, if any, which the defendant below owes to the plaintiff below.

No question is raised as to the right of the plaintiff below, executor as aforesaid, to lease the said premises, in the first instance, or as to his right to sue for accruing rents.

Counsel for the defendant below contends that accruing rents, at the time of the sale, and to the time of the confirmation thereof, passed with the premises, upon the delivery of the deed to the purchaser, from the day of sale. Counsel for the plaintiff below urges that the latter is, by reason of the said condition of sale, entitled to the rent from the date of the last monthly payment thereof to the date of the delivery of the deed.

Counsel for the defendant below, in support of his contention, relies upon the following statutes and decisions, namely:

*Section* 28, *p.* 836, *Rev. Code* (1893) which deals only with the subject of rents respecting real estate sold by a sheriff, under execution process.

*Miles v. Wilson*, 3 *Harr*.382, in which the court considered the rights of a purchaser to the rents of real estate sold by a sheriff.

*Robinson v. Robinson*, 3 *Harr*.391, in which it was held that a judgment recovered at the return term, but after sale made by the sheriff, does not bind the land sold.

*Sections* 4, 8 *and* 9 *of Chapter* 90, *p.* 690, *Rev. Code* (1893), which provides for the sale of real estate by executors and adminis-

trators to pay debts of the decedent, upon petition to and order by the Orphans' Court, etc., and *Caulk v. Caulk*, 3 *Houst.* 81, which we will consider later.

In the case of *Wilson v. Delaplaine*, 3 *Harr.*499, not cited at the argument, the intestate real estate of the deceased had been sold on the fourteenth day of January, A. D. 1841, by order of the Orphans' Court, under proceedings had for partition of said real estate, and the sale was confirmed on the fifteenth day of February, A. D. 1841. The said lands were in the occupation of a tenant, under a lease, ending the twenty-fifth day of March, A. D. 1841, from the administrator of the deceased, who claimed a portion of the accruing rent up to the day of sale. The purchaser claimed the whole rent. The tenant paid the rent to the defendant, who was a stakeholder. It was contended for the plaintiff that as rent follows the reversion, and accrues only at the expiration of the term, it was not subject to any apportionment, but belonged entirely to the reversioner, and that the statutes of apportionment in and cases of sales by sheriffs did not apply. On the other hand, it was urged that the said lease was valid; that the plaintiff as purchaser of the land took merely the estate, etc., of the intestate, at his death, etc., which had no reference to a claim for rents arising under a contract with the administrator.

The court, by Booth, Chief Justice, said:

"The rule of the common law that rent follows the reversion is admitted on both sides. But it is contended for the administrator that this rule ought to be, or is, modified by our acts of assembly apportioning rent in certain cases.

"We are of opinion that those acts do not apply to the present case, and the principle of the common law applies. The rent follows the reversion. The reversion is vested in the purchaser by virtue of the sale and assignment under the Orphans' Court, at the time when the rent falls due. For rent is indivisible. None of it is due until the expiration of the time during which it is accruing. The legislature has changed this in the particular case of sale by the sheriff by virtue of execution process on judgment or decree, and they have apportioned the rent in that case between the debtor and the purchaser. But the provision extends

no further.    And in case of a sale of intestate lands under an order of the Orphans' Court, this is but a mode of dividing the land among the heirs of the intestate, and the purchaser takes all the estate of the intestate with its incidents, the accruing rent being one of them." In the case of *Stout v. Kean*, 3 *Harr.*82, it was also held that rent is a legal incident of the reversion, and passes with it.   The plaintiff had assigned the reversion before the rent fell due.   And in an action for the rent,he was not permitted to recover. The case of *Wilson v. Delaplaine, supra*, was followed in *Walton & Whann Co. v. Cochran*, 8 *Houst.* 432, 31 *Atl.* 1050.

Considering the case of *Caulk v. Caulk, supra*, cited by counsel for the defendant below, the plaintiff and the defendant, in that action, were brothers and the only heirs at law of their uncle, James Caulk, who died intestate in the month of February or March, A. D. 1861.   The defendant had been in the sole and exclusive possession of the premises, and in the receipt of all the rents and profits of the intestate.   The premises had been sold under an order of the Orphans' Court in partition proceedings on the twenty-third day of April, A. D. 1863, when the defendant became the purchaser thereof.   The sale was confirmed by said court on the seventh day of September, 1863.   The only question involved in the case was:   "To whom belongs the rent which accrued between the twenty-third day of April and the seventh day of September, 1863, to the heirs at law of James Caulk, deceased, or to the defendant?"   The question rested upon the construction to be given to *section* 20, *c.* 85, *p.* 647, *Rev. Code* (1893).   The court, by Gilpin, Chief Justice, in his charge to the jury, observed that the statute expressly says that a sale of intestate real estate under the provisions of the act shall pass to the purchaser of the same, all the estate, title and claim which the intestate, at his death, had in law or equity in or to the said premises, and he shall hold the same paramount, among other things, to all right and claim of the heirs of the intestate, or any person claiming from or under them.   This is the effect which it gives to the sale itself, in so many words, and although the sale may not be conclusive in any particular case until its return and subsequent confirmation by the court, yet the confirmation

but retroacts upon and relates back to the sale as made in the proceeding, and as the sale spoken of and contemplated in this passage of the statute. In this case the sale was made on the twenty-third day of April., A. D. 1863, under the order of the Orphans' Court, and was afterward duly confirmed by that court on the seventh day of September following, and therefore all the estate, title and claim of James Caulk, deceased, passed and vested in the purchaser of them, William G. Caulk, the defendant, and he thereby became seized and possessed in severalty as the sole owner of the entire premises from the day of the sale, and consequently the plaintiff was not entitled to, and could not recover, any portion of the rent or proceeds of the premises after the sale, or after the twenty-third day of April, A. D. 1863.

*Section* 8, *c*. 90, *p*. 687, *Rev. Code* (1893), *supra*, cited by counsel for the defendant, defines the character of the title which a purchaser of real estate, sold by order of the Orphans' Court for the payment of debts of a decedent, takes, and the provision is very similar in language, scope and purpose to said *section* 20, *c*. 85, *p*. 647, *Rev. Code*, which the court had under consideration and construed in the *Caulk case, supra*.

It is the opinion of the court that these two provisions, like as they are in their general scope and purpose, should be construed alike, respecting the rights of purchasers to accruing rents, and we approve the construction given in the *Caulk case*.

While counsel for the defendant is right in his contention, in the absence of anything to the contrary, that a purchaser of real estate at an executor's or administrator's sale, made by order of the Orphans' Court for the payment of debts of a decedent, is entitled to the accruing rents from the day of sale, after confirmation thereof and the delivery of the deed for the premises sold, yet it was competent, we think, for the executor to stipulate, at the time of the sale, that the purchaser should take the rents only from the day of the confirmation of the sale. We think the said condition of sale relied upon by the plaintiff, accepted as it was by the purshaser, was tantamount to an express reservation of the accruing rents to the time of the confirmation of the sale. The said condition of sale had the effect, as between the parties,

respecting the rents, to prevent that relation back upon confirmation of the sale to the day of sale, which is necessary to carry the rents from the day of sale, and which follows in contemplation of law, in the absence of any statute, or stipulation between the parties, to the contrary.

We hold under the facts of this case that the plaintiff below, respondent, is entitled to have and receive the rent due from the defendant below, appellant, from the third day of August, A. D. 1910, the day of said sale, to the twenty-first day of September, A. D. 1910, the day upon which confirmation of said sale was made.

And now, to wit, this fourteenth day of December, A. D. 1910, the within and foregoing case stated having come on to be heard and having been argued by counsel for both parties at the bar of the court, and the court having maturely considered the same, it is hereby ordered, adjudged and decreed by the court (the said court being of the opinion that the following condition of sale: "Possession of premises given at the time of the execution and delivery of the deed after the confirmation of the sale by the Orphans' Court," which said condition was read at the sale and subsequently approved by the purchaser of said property at said sale, was tantamount to an express reservation of rent) that judgment be entered for the defendant in appeal, plaintiff below, and against the plaintiff in appeal, defendant below, for $96 beside costs of suit.

WM. H. BOYCE, J.
DANIEL O. HASTINGS, J.